IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **FREEDOM WATKINS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    No. 22-cv-02758-TLP-tmp |
| | ) |
| **HAYWOOD COUNTY GENERAL** | ) |
| **SESSIONS COURT,** | ) |
| | ) |
|     **Defendant.** | ) |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is *pro se* plaintiff Freedom Watkins's complaint, titled "Motion to Quash Garnishment Against Plaintiff." (ECF No. 1.)[1] Because Watkins is proceeding *in forma pauperis*, the court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the below reasons, the undersigned recommends that Watkins's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.  PROPOSED FINDINGS OF FACT**

On November 2, 2022, Watkins filed a *pro se* complaint asking the court to quash a writ of garnishment entered by the Haywood County General Sessions Court. (ECF No. 1.) Her complaint reads, in its entirety:

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the undersigned for management of all pretrial matters for determination or report and recommendation, as appropriate.

> I, Freedom Watkins, motion the Courts to quash the Writ of Garnishment order against me from Haywood County General Sessions Court. The documentation I received does not state the reason for the garnishment. I do not owe Haywood County General Sessions Court any court costs for any reason. If the amount of $11,609.00 is regarding unemployment benefits I received during the COVID Pandemic period in 2020, I was entitled to the employment benefits because I was not working during the period. I reached out and contacted the Tennessee Department of Labor and Workforce Development on several occasions concerning an appeal. Please see documents attached that show multiple attempts to contact Tennessee Department of Labor and Workforce Development about an appeal. Unfortunately, I did not receive a resolution from Workforce Development. I updated my address with a representative with Workforce Development; however, I did not receive any correspondence from them about my appeal, resolution, or waiver. The Notice of Wage Withholding is the first and only document I have received about the matter.
>
> I ask the Courts to quash the Writ of Garnishment order against me from Haywood County General Session Court I need to be given a fair chance to contact the Tennessee Department of Labor Workforce Development to see why I did not receive response to my written appeal I submitted several times, beginning February 24, 2021. I also ask the Courts to reverse the $319.00, which was garnished from my earnings Tuesday, October 25, 2022.

(Id.) Attached to her complaint are several exhibits. These include a letter from ADP, Inc. titled "Notice of Wage Withholding," a letter written by Watkins requesting an appeal, a screenshot of that letter as uploaded to TN.gov, several screenshots of emails from the Tennessee Department of Labor and Workforce Development, and a screenshot of a fax receipt. (Id.)

## II.   PROPOSED CONCLUSIONS OF LAW

**A.   Standard of Review**

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out

in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.  Lack of Jurisdiction**

Before reaching the question of whether Watkins states a claim, the undersigned must first assess whether the court has jurisdiction to hear the case at all. "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, [Section] 1332 for '[d]iversity of citizenship' jurisdiction." Arbaugh v. Y&H Corp., 546 U.S. 500, 512 (2006). Federal question jurisdiction is invoked when the plaintiff "pleads a colorable claim 'arising under' the Federal Constitution or laws." Id. Watkins does not cite the Constitution or any federal law in her complaint. Instead, she seems to seek an appeal of a writ entered by the Haywood County General Sessions Court. Such an appeal is a matter of state law and does not raise a federal question.

Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." According to her application to proceed *in forma pauperis*, Watkins lives in Millington, Tennessee. (ECF No. 2.) The entity

she is suing is a unit of the Haywood County, Tennessee court system. Because both parties are citizens of Tennessee, there is no diversity of citizenship. Furthermore, Watkins's claims relate to a writ ordering the garnishment of $11,609 of her wages, $319.00 of which have apparently already been garnished. (ECF No. 1.) No other damages are alleged. The amount in controversy requirement is therefore also not satisfied. For these reasons, Watkins has not met her burden of pleading diversity jurisdiction.

### III.   RECOMMENDATION

Based on the above, it is recommended that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 7, 2022
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**