IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FREEDOM WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:22-cv-02758-TLP-tmp |
| v. ) | |
| ) | |
| HAYWOOD COUNTY GENERAL ) | |
| SESSIONS COURT, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**

Plaintiff Freedom Watkins sued pro se asking the Court to quash a writ of garnishment entered by the Haywood County General Sessions Court. (ECF No. 1.) Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Tu M. Pham ("Judge Pham") for management of all pretrial matters. Judge Pham granted Plaintiff's motion to proceed in forma pauperis (ECF No. 6), so he screened her complaint under 28 U.S.C. § 1915(e)(2). Judge Pham then entered a Report and Recommendation ("R&R"), recommending that this Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction. (ECF No. 7.)

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for the determination of certain pretrial matters, including dismissal of an action for lack of subject matter jurisdiction. 28 U.S.C. § 636(b)(1)(A)–(B); *see also Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte."). And "[w]ithin 14 days after being served with a copy of

1

the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

If a party does not object, then a district court reviews an R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Pham filed his R&R in early November 2022, and Plaintiff did not object. What is more, the time to do so has now passed. The Court therefore review's the R&R (ECF No. 7) for clear error.

Like Judge Pham, the Court finds that it does not have subject matter jurisdiction over Plaintiff's complaint under 28 U.S.C. Section 1331 or 1332. First, Plaintiff's complaint does not raise a federal question. Her complaint does not "plead a colorable claim 'arising under' the Federal Constitution or laws." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 512 (2006). Instead, she seems to seek an appeal of a writ entered by a state court, raising only issues of state law. (See ECF No. 1.) The Court therefore does not have "federal question" jurisdiction under Section 1331. *See Arbaugh*, 546 U.S. at 512.

Next, there is no basis for "diversity jurisdiction" here. Under Section 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." Plaintiff lives in Millington, Tennessee. (ECF No. 2.) Defendant is a unit of the Haywood County, Tennessee court system. So both parties are Tennessee citizens and therefore not diverse. What is more, Plaintiff's claims relate to a writ ordering the garnishment of $11,609 of her wages, $319.00 of which have apparently already been garnished. (*See* ECF

No. 1.)  This amount does not satisfy the amount in controversy requirement under Section 1332. The Court therefore finds that Plaintiff has not met her burden of pleading diversity jurisdiction.

The Court has reviewed the R&R for clear error and finds none.  What is more, the Court agrees with the analysis and the recommendations of Judge Pham.  Accordingly, the Court **ADOPTS** Judge Pham's R&R, and **DISMISSES** the case for lack of subject matter jurisdiction.

**SO ORDERED**, this 12th day of December, 2022.

                                         s/Thomas L. Parker
                                         THOMAS L. PARKER
                                         UNITED STATES DISTRICT JUDGE